## STATE v. CECILE OUSLEY.

254 N. W. 2d 73.

April 15, 1977—No. 46415.

C. Paul Jones, State Public Defender, for appellant.

Warren Spannaus, Attorney General, Gary W. Flakne, County Attorney, Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson and Phebe S. Haugen, Assistant County Attorneys, and Lee Barry, Law Clerk, for respondent.

PER CURIAM.

This is a child abuse case. Defendant, who is the mother of the child in question, was found guilty by a district court jury of a charge of aggravated assault, Minn. St. 609.225, subd. 2, a charge arising out of a severe beating which she and a man living with her administered to the child.[1] A charge for second-degree manslaughter, Minn. St. 609.205, arising out of the bathtub drowning death of the child about a week after the beating, was dismissed upon motion of the state when defendant was sentenced for the assault conviction. Issues raised by defendant on this appeal from judgment of conviction are (1) whether the Rasmussen court erred in refusing to suppress statements defendant made to police on two occasions, (2) whether the trial court erred in admitting photographs of the dead child showing his injuries, and (3) whether there was as a matter of law insufficient evidence to support the conviction. We affirm.

Defendant's first contention is based on the fact that the investigating officer did not give her a Miranda warning when he questioned her at home on the day of the drowning. She contends that as a result of this her first statement was inadmissible and that her second statement, made at the police station several days later, was the fruit of the earlier illegal interrogation. If there were any doubts about the correctness of the Rasmussen court's ruling, and we do not believe there were, those doubts were erased by the United States Supreme Court's recent decision, in Oregon v. Mathiason, 429 U. S. 492, 97 S. Ct. 711, 50 L. ed. 2d 714 (1977). There the court emphasized that the test in determining the need for a Miranda warning is not whether the interrogation has coercive aspects to it or whether the person being interrogated is a suspect, but whether the person is in custody or otherwise deprived of his freedom of action in any significant way. Here, defendant was not in custody nor was her freedom

---

[1] Defendant was sentenced to a maximum 5-year term in prison with execution stayed and defendant placed on 5 years of probation, the first year to be spent in the workhouse. While in the workhouse defendant was furloughed to a community-based corrections program.

of action restricted in any significant way when the investigating officer questioned her at home.

Defendant's second contention is that the trial court erred in admitting photographs showing the dead child's injuries because of an agreement between the prosecutor and the defense counsel that the jury in the aggravated assault trial would not be told of the child's death. After examining the pictures, we reject this contention. Not only were the pictures highly relevant[2] but we believe it unlikely that the jury would have concluded from viewing the pictures that the child was dead.

The only other issue is whether there was as a matter of law insufficient evidence that defendant intended to hurt the child when she beat him. There is absolutely no merit to this contention.

Affirmed.

---

[2] The pictures depict, as no testimony could, the severity of the beating defendant and her companion administered to the child, and they reveal the nature of other bruises and scratches on the child's body and thereby aided the jury in assessing defendant's claim that she had never beaten the child severely before and had not intended to this time.