**STATE of Minnesota, Appellant,**

v.

**Larry Leroy WILLADSON, Respondent.**

**No. 48256.**

Supreme Court of Minnesota.

May 5, 1978.

Warren Spannaus, Atty. Gen., William Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for appellant.

Friedberg & Mauzy, Minneapolis, for respondent.

PER CURIAM.

This is a pretrial appeal by the state from an order of the district court suppressing evidence in a prosecution of defendant for consensual sodomy, Minn.St. 609.293, subd. 5. The evidence which was ordered suppressed was an oral inculpatory statement defendant made to the arresting officer shortly after being arrested and given a *Miranda* warning. The issue raised by the state on appeal is whether the district court erred in concluding that the state had failed to meet its burden of proving that defendant had intelligently waived his *Miranda* rights. We hold that the court did err in this, and accordingly we reverse the suppression order and remand for trial.

The facts as they appear from the record of the omnibus hearing are that an off-duty police officer, acting as a security officer of a department store, observed defendant and another man engaging in a sodomous act in an open toilet stall in the store's men's room. In order to effect his arrest of defendant (the other man got away), the officer had to use tear gas spray and to strike defendant a couple times. Several minutes later the officer gave defendant a *Miranda* warning and elicited statements from defendant that he understood his rights. The officer then began to talk with defendant

and defendant allegedly gave an inculpatory statement.

The district court apparently presumed from the fact that the comment occurred just minutes after defendant was subdued that he was not in a condition to intelligently waive his rights. We think this presumption was unjustified. As the California Supreme Court stated in *People v. Johnson*, 70 Cal.2d 541, 558, 75 Cal.Rptr. 401, 412, 450 P.2d 865, 876, certiorari denied, 395 U.S. 969, 89 S.Ct. 2120, 23 L.Ed.2d 758 (1969):

> "Once the defendant has been informed of his rights and indicates that he understands those rights, it would seem that his choosing to speak and not requesting a lawyer is sufficient evidence that he knows of his rights and chooses not to exercise them."

It might be a different matter if there were other evidence indicating that there was no intelligent and knowing waiver, but defendant did not testify or introduce any evidence. Under the circumstances, the court should not have suppressed the statement.[1]

Reversed and remanded for trial. Defendant is awarded attorneys fees in the amount of $150 pursuant to Rule 29.03, subd. 2(8), Rules of Criminal Procedure.

WAHL, Justice (dissenting).

I dissent. The trial court heard the witnesses. He considered that the *Miranda* warning had been given to the defendant 2 or 3 minutes after the defendant had been sprayed with Federal Streamer, struck two or three times by the officer's fist, and wrestled into handcuffs by two men. The trial court determined that under the totality of these circumstances the defendant was not in sufficient control of his physical, mental, and emotional faculties to make a knowing, voluntary, intelligent waiver of his right to remain silent. I would affirm the trial court.

1. Our decision is consistent with the United States Supreme Court's recent decision in

*Brewer v. Williams*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977).