**STATE of Minnesota, Appellant,**

v.

**Dean Richard DEXTER, Respondent.**

**No. 48681.**

Supreme Court of Minnesota.

June 23, 1978.

Warren Spannaus, Atty. Gen., St. Paul, Dennis Moriarty, County Atty., R. Kathleen Morris, Asst. County Atty., Shakopee, for appellant.

Ronald Meshbesher, Meshbesher, Singer & Spence, Minneapolis, for respondent.

PER CURIAM.

This is a pretrial appeal by the state pursuant to Rule 29.03, Rules of Criminal Procedure, from an evidentiary ruling of the district court in a criminal prosecution of defendant. The issue raised by the state is whether the court erred in barring the prosecution from impeaching one of its own witnesses with extrinsic evidence of prior inconsistent statement she allegedly made to friends. We affirm and remand for trial.

The state in its brief admits that the alleged prior inconsistent statements are not admissible substantively. Under Rule 801(d)(1)(A), Rules of Evidence, prior inconsistent statements are admissible substantively only if the declarant "testifies at the trial or hearing and is subject to cross-examination concerning the statement" and the inconsistent statement was given "under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." Further, the alleged statements in this case would not be admissible substantively even if they came within the provisions of Rule 801(d)(1)(A), because they do not satisfy Rules 602 and 701, Rules of Evidence.[1]

What the prosecution is seeking then is to present, in the guise of impeachment, evidence which is not otherwise admissible. It is true, as the prosecution points out in its brief, that Rule 607 provides that "credibility of a witness may be attacked by any party, including the party calling him." Federal Rule 607, with which our rule is identical, was drafted in conjunction with a prior version of Federal Rule 801(d)(1)(A), which provided that all prior inconsistent statements were admissible substantively. However, Congress amended Rule

---

1. Rule 602 provides that "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter."

    Rule 701 provides that "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

801(d)(1)(A) to limit the substantive admissibility of prior inconsistent statements to those given "under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." Minnesota Rule 801(d)(1)(A) is identical to Federal Rule 801(d)(1)(A), as amended by Congress. As stated in Graham, *The Relationship Among Federal Rules of Evidence 607, 801(d)(1)(A), and 403: A Reply to Weinstein's Evidence*, 55 Tex.L.Rev. 573, 574, "This restriction of the prior inconsistent statements that are admissible as substantive evidence without any corresponding restriction of the right of a calling party under rule 607 to impeach his or her own witness again raises the problem of a calling party's potential misuse of impeachment by prior inconsistent statements."

There are two basic ways which have been suggested of resolving the problem. One commentator has urged a reliance on the factors of surprise and affirmative damage. Graham, *supra*. Judge Weinstein in his treatise on the Federal rules urges relying on Rule 403, requiring a determination of whether the potential of the impeaching evidence for unfair prejudice outweighs its probative value. 3 Weinstein's Evidence, United States Rules, § 607[1], pp. 29–33 (Cum.Supp. Dec. 1977).

We think Judge Weinstein's suggested approach is preferable, but we need not decide the matter because under either approach the district court's ruling must be affirmed.

Affirmed and remanded for trial.