STATE of Minnesota, Appellant,

v.

Christopher Jesse LINDER, Respondent.

No. 48684.

Supreme Court of Minnesota.

July 14, 1978.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., Edwin M. Wistrand, Asst. County Atty., Anoka, for appellant.

C. Paul Jones, Public Defender, Minneapolis, for respondent.

PER CURIAM.

This is a pretrial appeal by the state pursuant to Rule 29.03, subd. 1, Rules of Criminal Procedure, from an order of the district court suppressing evidence in the criminal prosecution of defendant. The issue on appeal is whether the court erred in determining that defendant's waiver of his *Miranda* rights was not knowing, intelligent, and voluntary. We affirm the suppression order and remand for trial.

In *Miranda* the court stated that when the government claimed waiver "a heavy burden" rested on it "to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda v. Arizona,* 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694, 724 (1966).

In an ordinary case if the prosecutor shows that the warning was given and that defendant stated he understood his rights and then gave a statement, the state will be deemed to have met its burden of proof, unless there is other evidence indicating that there was no knowing, intelligent, and voluntary waiver. *State v. Willadson,* —— Minn. ——, 268 N.W.2d 546, filed May 5, 1978.

However, if there is other such evidence, then the trial court must make a subjective factual inquiry to determine whether under the totality of the circumstances the waiver was knowing, intelligent, and voluntary. This is the same kind of inquiry basically that is made to determine whether a statement is "voluntary" within the meaning of the traditional voluntariness requirement. McCormick, Evidence (2 ed.) p. 336. Factors to be considered include age, maturity, intelligence, education, experience, ability to comprehend, lack of or adequacy of warnings, length and legality of detention, nature of interrogation, physical deprivations, limits on access to counsel and friends, and others. The Supreme Court's recent decision in *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), supports this totality-of-the-circumstances approach. See, also, *State v. Hogan,* 297 Minn. 430, 212 N.W.2d 664 (1973) (same totality-of-circumstances approach applies in determining validity of waiver of *Miranda* rights by juvenile).

On appeal this court will not reverse specific findings of the district court unless they are clearly erroneous, but this court will make an independent determination, on the basis of the facts as found, of whether the state has shown by a fair preponderance of the evidence that the waiver was knowing, intelligent, and voluntary. This is the approach on appeal from a determination of the voluntariness of a confession—see, *Doan v. State,* 306 Minn. 89, 234 N.W.2d 824 (1975)—and is also the proper approach on appeal from the determination of the voluntariness of waiver, since the nature of the inquiry is similar. See *Brewer v. Williams,* 430 U.S. 387, 403, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424, 439 (1977), stating that "the question of waiver [is] not a question of historical fact, but one which * * * requires 'application of constitutional principles to the facts as found' * * *."

In this case the district court, in ordering suppression, relied upon the following evidence:

(a) evidence that the police officers who arrested defendant physically and verbally abused him,

(b) evidence that at the time he waived his rights defendant had gone without sleep for over 24 hours,

(c) evidence that defendant was under the influence of alcohol at the time he waived his rights,

(d) evidence that defendant had not had anything to eat that day,

(e) evidence that defendant was "very tense" at the time he waived his rights,

(f) evidence that defendant apparently felt he was under an obligation to waive his rights,

(g) evidence that defendant wanted an attorney,

(h) evidence that defendant was relatively uneducated,

(i) evidence that defendant was of low intellect,

(j) evidence that defendant was suffering from a severe psychosis and was an escapee from a state mental hospital,

(k) evidence that defendant had not had his daily dosage of his anti-psychosis medication, and

(*l*) expert psychiatric testimony that defendant was incapable of understandingly waiving his rights.

The district court did not clearly err in any of its specific findings based on this evidence and, independently applying the totality-of-circumstances test to the facts as found, we conclude that the court did not err in determining that the prosecution failed to meet its burden of proving that there was a knowing, intelligent, and voluntary waiver.

Affirmed.