**STATE of Minnesota, Appellant,**

v.

**Julian Loren BEKKERUS, Respondent.**

**STATE of Minnesota, Appellant,**

v.

**Joyce Margaret BEKKERUS, Respondent.**

**Nos. 51522, 51523.**

Supreme Court of Minnesota.

Aug. 27, 1980.

---

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., St. Paul, for appellant.

Gerald Freeman, Minneapolis, for respondents.

SHERAN, Chief Justice.

This is a pretrial state's appeal in a criminal case and a cross-appeal by the defendants. Defendants are charged with theft (by retention) of property valued at more than $2,500, Minn.Stat. § 609.52, subds. 2(1), 3(1), (1978). The charges stem from a warranted search of defendants' home which resulted in the discovery of the stolen property. The issue raised by the state in its appeal pursuant to R. 29.03, subd. 1, R.Crim.P., is whether the district court erred in denying a pretrial motion by the prosecutor (a) that a defense witness be barred from testifying on the ground that he intends to plead the Fifth Amendment on cross-examination or (b) that this witness' testimony be stricken if he testifies for defendant and then invokes the Fifth Amendment on cross-examination. The issues raised by defendants in their cross-appeal pursuant to R. 29.03, subd. 3, R.Crim.P., relate to rulings by the district court at the Rasmussen hearing concerning the legality of the search and the admissibility of statements made by defendants in response to police questions while the search warrant was being executed. We affirm.

1. The issue raised by the state focuses on the question of waiver of Fifth Amendment privilege by a witness—not a defendant testifying at his own trial—who on direct examination discloses certain incriminating facts. The relevant principles are summarized in McCormick, *Evidence* (Cleary ed. 1972) § 140. The district court properly denied the state's motion in this case. The ruling still leaves to the trial court the determination whether the witness in question, by something he says on direct examination, crosses the line and in effect forfeits his privilege with respect to certain questions.

2. (a) There is no merit to defendants' contention that the warranted search of their house was illegal.

(b) Defendants' contention that defendant Julian should have been given a *Miranda* warning is basically a claim that the district court clearly erred in determining that defendant Julian did not reasonably believe his freedom of action was restricted in any significant way while the warrant was being executed. We conclude that the district court did not clearly err in its determination.

(c) Defendants' next contention is that the district court should have granted a pretrial motion to bar the state from using defendant Joyce's suppressed statements to impeach her. We agree with the district court that determination of this issue is best left to the trial court to make when and if the issue is raised in the course of the trial.

(d) Defendants' final contention, that the state's pretrial appeal has denied them their right to a speedy trial is without merit. This appeal has been expedited pursuant to standard procedures of this court in this kind of situation and the delay occasioned by the appeal has been minimal.

Defendants are awarded attorneys fees in the amount of $400 pursuant to R. 29.03, subd. 2(8).

Affirmed.