STATE of Minnesota, Respondent,

v.

Kevin Peter ANDERSON, Appellant.

No. 50559.

Supreme Court of Minnesota.

Oct. 10, 1980.

Warren Spannaus, Atty. Gen., St. Paul, Thomas Johnson, County Atty., Vernon Bergstrom, Asst. County Atty. and Dorothy Florence, Minneapolis, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of charges of burglary, theft over $100, and knowingly receiving or concealing stolen property. At the sentencing hearing the trial court dismissed the count charging receiving or concealing stolen property on motion of the state, and, although under Minn.Stat. § 609.585 (1978) he could have sentenced defendant to two prison terms, sentenced him only for the burglary to five years in prison. On this appeal from judgment of conviction defendant contends that the trial court erroneously denied a motion to suppress what defendant contends was a coerced confession and prejudicially erred in admitting hearsay testimony implicating defendant in the crimes charged. We affirm.

This prosecution arose from a nighttime burglary of a municipal golf course clubhouse. The burglar, who gained entry by breaking a door, set off a silent alarm, to which the police responded immediately. Within a minute after the alarm was set off, an officer in a squad car entered the parking lot of the club and spotted a car with its lights off but its motor running. A chase ensued but after a few blocks the driver lost control of his car, drove onto a lawn, and had to abandon the car. The officer ran after and caught the female passenger but not the driver. However, suspicion immediately focused on defendant, who lived with the female passenger in a nearby apartment. Police tried to stop him when he appeared at the apartment a short time later, but he fled; subsequently, however, they captured him at the apartment. Golf clubs taken in the burglary were found in the car defendant had been driving, a car which was registered to defendant's brother in Hibbing.

C. Paul Jones, Public Defender, Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

1. Defendant's contention that his confession was involuntary is based on the fact that the officer who questioned him at the station promised him that his woman friend would be released from jail if defendant gave a written statement.

■ If the confession was involuntary, then defendant must receive a new trial notwithstanding the overwhelming evidence of defendant's guilt because the harmless error rule does not apply to erroneous admission of coerced confessions, only to confessions obtained in violation of *Miranda*. *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); *State v. Garner*, 294 N.W.2d 725 (Minn.1980). However, we hold that defendant's confession was not coerced.

■ It is true that a promise to free a relative in exchange for a confession *may* render a confession inadmissible. *People v. Steger*, 16 Cal.3d 359, 546 P.2d 665, 128 Cal.Rptr. 161 (1976). Police should avoid making promises of this kind in order to encourage a defendant to confess. However, courts do not mechanically hold confessions involuntary just because a promise has been involved. *See State v. Orscanin*, 283 N.W.2d 897 (Minn.), *cert. denied*, 444 U.S. 970, 100 S.Ct. 464, 62 L.Ed.2d 970 (1979). Rather, we must look to the totality of the circumstances, considering all the factors bearing on voluntariness. *Lynumn v. Illinois*, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963); *United States v. Ferrara*, 377 F.2d 16 (2d Cir.), cert. denied, 389 U.S. 908, 88 S.Ct. 225, 19 L.Ed.2d 225 (1967); *Fernandez–Delgado v. United States*, 368 F.2d 34 (9th Cir. 1966); *People v. Kendrick*, 56 Cal.2d 71, 363 P.2d 13, 14 Cal.Rptr. 13 (1961); *Hall v. State*, 255 Ind. 606, 266 N.E.2d 16 (1971); *People v. Wormuth*, 312 N.Y.S.2d 28, 35 A.D.2d 609 (1970).

■ In this case we have a defendant who had several prior felony convictions, who had been advised of his right to remain silent on several occasions and had previously exercised that right, who was not subjected to any kind of prolonged interrogation or threats, and who himself raised the issue of making a statement if his woman friend was released. The record as a whole does not lead to the conclusion that defendant's statement was coerced.

There is no merit to defendant's other contentions relating to the admission of the confession.

■ 2. Defendant's second contention is that the trial court prejudicially erred in admitting hearsay evidence concerning statements defendant's woman friend gave to the police and in failing to give an instruction limiting the use of this evidence to impeachment.

The evidence was admitted pursuant to Minn.R.Evid. 607, which permits a party to impeach his own witness. Here the prosecutor called defendant's woman friend, who was given immunity from prosecution, and then impeached her with statements she gave to the police implicating defendant. If the prosecutor had planned from the inception to call the witness for the purpose of introducing her prior statements, the prosecutor would be guilty of misusing the rule to expose the jury to hearsay under the theory of impeachment. *See* discussion in *State v. Dexter*, 269 N.W.2d 721 (Minn. 1978). However, it seems clear that the prosecutor in making the witness available for cross examination sought to avoid a confrontation issue which had developed when a police officer unexpectedly testified to statements the witness had made when arrested. It also appears that the prosecutor was not sure the witness would deny defendant's guilt when she took the stand.

In view of the overwhelming evidence of his guilt we hold that defendant was not prejudiced by these procedures.

As to the court's failure to give instructions limiting the use of the testimony to impeachment, we need only say that defendant did not request such an instruction.

Affirmed.

SIMONETT, J., not having been a member of this court at the time of argument and submission, took no part in the consideration or decision of this case.