**STATE of Minnesota, Respondent,**

v.

**Ronald Edward HARRIS, Appellant.**

**No. 50153.**

Supreme Court of Minnesota.

Oct. 17, 1980.

C. Paul Jones, Public Defender, and Mary Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas Johnson, County Atty., Vernon Bergstrom, David Larson, Asst. County Attys., Thomas Weist, Law Clerk, Minneapolis, for respondent.

SHERAN, Chief Justice.

Defendant, who was charged with second-degree murder in the shooting death of a fellow tenant, was found guilty by a district court jury of the lesser offense of second–degree manslaughter. Minn. Stat. § 609.205(1) (1978) (causing death by culpable negligence in creating unreasonable risk and consciously taking chance of causing death or great bodily harm to another). The trial court sentenced defendant to a prison term of 1 year and 1 day to 7 years. On this appeal defendant challenges the admissibility of statements he gave to the police and of extrajudicial statements made by a witness to the crime. He also contends that the trial court erred in denying two of his requested jury instructions and that the evidence of his guilt was legally insufficient. We affirm.

1. Defendant's first contention is that the trial court erred in denying his motion to suppress the statements he gave to the police at his apartment and at the police station.

(a) Defendant contends that the questioning at the scene of the crime should have been preceded by a *Miranda* warning. The questioning of defendant at the apartment was general on–the–scene questioning of the kind specifically exempted by the United States Supreme Court in the *Miranda* case from the requirements of that case

and defendant was not deprived of his freedom of action in any significant way at the time; accordingly, the police were not required to give a *Miranda* warning before they questioned defendant or the others at the apartment.[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Beckwith v. United States*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976); *Oregon v. Mathiason*, 429 U.S. 492 (1977); *State v. Ousley*, 312 Minn. 546, 254 N.W.2d 73 (1977); *State v. Carlson*, 267 N.W.2d 170 (Minn.1978).

■ (b) Defendant contends that his statement at the station, which was preceded by a *Miranda* warning, was the inadmissible fruit of an illegal arrest. Defendant and others were "asked" in a directory way to accompany the police to the station to give written statements. We need not decide whether defendant was under arrest in a constitutional sense, *see Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), when he was taken to the station, nor do we need to decide whether there was probable cause to arrest defendant at that time. Police questioned another witness before they questioned defendant and they learned from this witness for the first time that defendant had fired the fatal shot. Thus, the police had probable cause before they actually questioned defendant at the station, and if he was under arrest at that point the arrest was legal. His statement therefore was the fruit of questioning which occurred during a period when the detention of him, if any, was legal.

■ 2. Defendant's contention relating to the admission of extrajudicial statements of a witness is based on our opinion in *State v. Dexter*, 269 N.W.2d 721 (Minn.1978), where we held that a prosecutor may not misuse Minn.R.Evid. 607,—which permits a party to impeach its own witness—to expose the jury to hearsay under the guise of impeachment when the sole purpose in calling the witness is to introduce the witness' prior statement. The trial court, however,

correctly concluded that even if the prosecutor was clearly only interested in exposing the jury to the prior statements, this was proper in this case because defense counsel himself earlier had failed to object when evidence was elicited from a police officer concerning the content of these prior statements. Indeed, defense counsel on cross-examination of the police officer elicited more about the prior statements. Beyond this, the prior statements were not admitted to show the truth of the matter asserted but rather to show the post-shooting conspiracy of defendant and the witness to lie to the police about what happened. For this reason, an instruction informing the jury that the statements were not usable substantively was not needed. Obviously, the jury was not going to believe the prior statements when everyone, the witness and defendant included, agreed that they were false.

■ 3. Defendant next contends that the trial court erred in denying requested instructions on accident and on permissible inferences from the evidence of the victim's prior acts of aggression. We hold that the trial court did not abuse its discretion in refusing to give these instructions. The instructions which the trial court gave adequately informed the jury of the relevant principles of law, and counsel were free to and did argue the inferences from the evidence which they felt were appropriate.

■ 4. Defendant's final contention is that the evidence of his guilt of second-degree manslaughter was legally insufficient. There is no merit to this contention.

Affirmed.

---

1. This is not to say that a *Miranda* warning is never required when police question a suspect at his home.