STATE of Minnesota, Respondent,

v.

Ronald Lee PALM, Appellant.

No. 51345.

Supreme Court of Minnesota.

Dec. 5, 1980.

C. Paul Jones, Public Defender, and Robert J. Streitz, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen, Sp. Asst. Atty. Gen., Elizabeth Cutter, Legal Asst., St. Paul, Bruce Gross, County Atty., Windom, for respondent.

OTIS, Justice.

Defendant was originally charged in 1977 and was found guilty by a district court jury of criminal sexual conduct in the second degree and burglary, and the trial court sentenced defendant to 20 years in prison. In 1979, after a postconviction hearing, a district court judge granted defendant a new trial and defendant was retried and again found guilty of the same offenses. The trial judge who presided at the second trial sentenced defendant to concurrent terms of 15 years for the sex offense and 5 years for the burglary. Issues raised by defendant on this appeal from judgment of conviction are (1) whether the evidence on the issue of identification was legally sufficient, and (2) whether the trial court erred in denying defendant's motion to suppress, which was based on a claim that the police improperly questioned defendant at his home shortly after the offenses without giving him a *Miranda* warning. We affirm.

1. There is no merit to defendant's contention that the evidence on the issue of identification was legally insufficient. The victim knew defendant from having seen him numerous times before in the small town in which she lived and she instantly recognized him at the time of the incident. There was also strong corroborating evidence supporting the victim's identification of defendant.

2. Defendant's second contention is that the police should have given him a *Miranda* warning before they questioned him at his house approximately 1½ hours after the incident.

As the United States Supreme Court has held in a number of cases—*see Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977), and *Beckwith v. United States*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976)—the test for determining the need for a *Miranda* warning is not whether the interrogation has coercive aspects to it or whether the investigation has focused on the person being questioned, but whether the person being questioned is in custody or is deprived of his freedom of action in any significant way. In the *Mathiason* case, the person interrogated came voluntarily to the police station in response to a request by the police, who suspected him of having committed a burglary. In *Beckwith* the person interrogated was the focus of a tax investigation and was interrogated in his own house. It was held in each case that a *Miranda* warning was not required because, although the investigation focused on the suspect and the interrogation possibly had coercive aspects to it, the suspect was not in custody or deprived

of his freedom of action in any significant way. Cases of this court upholding *Miranda*-free in-home interrogations of suspects not in custody include *State v. Bekkerus*, 297 N.W.2d 136 (Minn.1980), filed August 27; *State v. Carlson*, 267 N.W.2d 170 (Minn. 1978), and *State v. Ousley*, 254 N.W.2d 73 (Minn.1977).

The rule is not that a *Miranda* warning is never required when police question a suspect at his house. However, our examination of the record in this case satisfies us that the trial court did not clearly err in determining that defendant did not reasonably believe that his freedom of action was restricted in any significant way while he was being questioned.

Affirmed.

SHERAN, C.J., took no part in the consideration or decision of this case.