**STATE of Minnesota, Appellant,**

v.

**Kevin Scott LARSON, Respondent.**

**No. C9–83–1906.**

Court of Appeals of Minnesota.

March 28, 1984.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Richard H. Hilleren, Mark E. Tracy, Benson, for respondent.

Considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

The state appeals an order for suppression of evidence seized and statements made by defendant at the time of the search. The trial court ordered suppression because the officers did not have a search warrant and did not give the defendant a *Miranda* warning before questioning him or searching his living room. We reverse.

## FACTS

Rick Johnson's home was burglarized on August 24, 1983. A television and a set of knives were taken. Johnson informed police that the night before the break-in defendant Kevin Larson had been to his home and had expressed an interest in the television.

On September 2, 1983, a Swift County sheriff and deputy visited Larson at his home. The sheriff knocked on the door and asked if they could come in. Larson let the officers in.

The sheriff told Larson they were investigating the theft of a television set from Johnson's residence, that they knew he had been to the Johnson residence the night before the theft, and that they knew he had asked a couple of questions about the television set at the time. A television fitting the description of the one taken was visible in the living room.

The sheriff asked Larson if he had purchased a new television lately. Larson replied that he bought the television approximately a week earlier. The sheriff asked where. Larson said, "I guess out at Rick's."

The officers arrested Larson. The deputy read a *Miranda* warning to Larson in the car on the way to the sheriff's office. At the office he repeated the warning. Larson signed "Consent to Speak" and "Consent to Search" forms. Then he confessed to having taken the television.

Larson was charged with burglary and theft. He moved for suppression of admissions and confessions, and of evidence seized at his home. The trial court suppressed "the results of the search and any statements made by the respondent at the time of the search."

## ISSUES

1. Was the sheriff's warrantless seizure of evidence legal under the plain view exception to warrant requirements?

2. Was the sheriff required to give a crime suspect a *Miranda* warning before questioning him at his home?

## ANALYSIS

*Plain View Seizure*

■ The trial court suppressed the television seized from Larson's home. The Fourth Amendment to the United States Constitution prohibits state authorities from searching a person's home without a warrant. A warrantless search is per se unconstitutional unless it comes within a defined exception. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

■ The plain view exception to the warrant requirement permits a police officer "to seize what clearly is incriminating evidence or contraband where the officer has a right to be." *State v. Griffin*, 336 N.W.2d 519, 522 (Minn.1983) (quoting *Washington v. Chrisman*, 455 U.S. 1, 5–6, 102 S.Ct. 812, 816, 70 L.Ed.2d 778 (1982)). Officers voluntarily admitted to a constitutionally protected area, such as a home, may seize any evidence in plain view. *State v. Yaeger*, 277 N.W.2d 405, 407 (Minn.1979); *see also State v. Buchwald*, 293 Minn. 74, 78, 196 N.W.2d 445, 448 (1972). Larson voluntarily admitted the officers to his living room where the stolen television was plainly visible. So, the warrantless seizure of the television was permissible under the plain view doctrine.

*Miranda Warning*

■ The trial court also suppressed statements Larson made at his home because the officers failed to give him a *Miranda* warning before questioning him. *Miranda* warnings are required only for *custodial* interrogations—"questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. State of Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

The United States Supreme Court has interpreted the language of *Miranda* narrowly. It has applied *Miranda* to questioning which takes place in a prison setting during a suspect's term of imprisonment on a separate offense. *Mathis v. United States*, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968), and to questioning taking place in a suspect's home, after he has been arrested and is no longer free to go where he pleases, *Orzco v. Texas*, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969). But it has never extended *Miranda* to police questioning at a police station or at a suspect's home where the suspect has not been arrested. *California v. Beheler*, — U.S. ——, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983); *Beckwith v. United States*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976).

[A] noncustodial situation is not converted to one in which *Miranda* applies simply because a reviewing court concludes that, even in the absence of any formal arrest or restraint on freedom of movement, the questioning took place in a "coercive environment." Any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime. But police officers are not required to administer *Miranda* warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect. *Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him "in custody." It was *that* sort of coercive environment to which *Miranda* by its terms was made applicable, and to which it is limited.

*Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977).

■ The interrogation of Larson was not custodial. He had not been arrested. And the presence of uniformed officers at his home was not enough of a restraint on his freedom of movement to bring the questioning under *Miranda*.

Minnesota Supreme Court cases upholding *Miranda*-free at-home interrogations of suspects not in custody include: *State v. Palm*, 299 N.W.2d 740 (Minn.1980); *State v. Bekkerus*, 297 N.W.2d 136 (Minn.1980); *State v. Carlson*, 267 N.W.2d 170 (Minn. 1978); and *State v. Ousley*, 312 Minn. 546, 254 N.W.2d 73 (1977).

DECISION

The trial court erred in suppressing Larson's statements and the television seized from his home. The warrantless seizure of the television was legal under the plain view doctrine.

Larson's at-the-scene statements are not suppressable because the officers failed to give him a *Miranda* warning. Larson was not entitled to such a warning because the interrogation was not custodial. We reverse and remand for trial.