**STATE of Minnesota, Respondent,**

v.

**Robert J. JUNGBAUER, Appellant.**

**No. C8–83–102.**

Supreme Court of Minnesota.

May 18, 1984.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert Carolan, Dakota County Atty., Mark Nathan Lystig, Asst. County Atty., Hastings, for respondent.

SCOTT, Justice.

Defendant was charged in district court with theft of over $2,500, Minn.Stat. § 609.-52, subds. 2(1), 3(1) (1982). The main evidence against defendant was his confession to police that he took the property in a burglary. After the omnibus court denied the motion to suppress this confession, defendant waived his right to a trial by jury and agreed to let the trial court decide his guilt on the basis of stipulated facts.[1] The court found defendant guilty and stayed imposition of sentence, placed defendant on probation for 5 years, and stayed the conditions of probation (including that defendant serve 6 months in jail) pending this appeal. Defendant contends on appeal that the court should have suppressed the confession because (a) it was involuntary, having been induced by a promise to release him pending formal charging and to seek only a summons instead of an arrest warrant, and (b) it was obtained by improper exploitation of police precharge releasing discretion. We affirm.

This prosecution arose from the nighttime burglary of a shop in South St. Paul which deals in motorcycles and related goods. The burglars took a large number of leather jackets and pants and $150 in cash. The burglary was committed late on March 8 or early on March 9, 1982. On April 25, 1982, police in South St. Paul arrested defendant after receiving information that he had committed the burglary. Defendant at first refused to talk with the police. However, he changed his mind and told police that two others, whom he named, asked him to participate in the burglary but that he refused. Police released defendant on his own recognizance in exchange for an agreement to return the next

---

1. This procedure, approved in *State v. Lothenbach*, 296 N.W.2d 854, 857–58 (Minn.1980), preserved defendant's right to raise the confession issue on appeal without putting the state and himself through the time and expense of a full trial.

day and submit to a so-called Psychological Stress Evaluation (PSE) test.

Defendant returned on April 26, as agreed, and submitted to the test. The examiner told defendant that he felt that defendant was lying when he denied his guilt. Defendant was permitted to take the test again, with the same results. The police then told defendant that, if he was guilty and if he would confess, they would release him on his own recognizance and would use a summons rather than an arrest warrant to bring him in after he was formally charged. The police made it clear that defendant was not being offered immunity from prosecution. Defendant agreed and gave a taped confession.

In *State v. Anderson*, 298 N.W.2d 63 (1980), the defendant was promised that a female friend would be released from jail if he gave a written statement. Both in the trial court and on appeal defendant claimed that that promise rendered his confession involuntary. We affirmed the conviction, stating:

It is true that a promise to free a relative in exchange for a confession may render a confession inadmissible. *People v. Steger*, 16 Cal.3d 539, 546 P.2d 665, 128 Cal.Rptr. 161 (1976). Police should avoid making promises of this kind in order to encourage a defendant to confess. However, courts do not mechanically hold confessions involuntary just because a promise has been involved. *See State v. Orscanin*, 283 N.W.2d 897 (Minn.), *cert. denied*, 444 U.S. 970, 100 S.Ct. 464, 62 L.Ed.2d 385 (1979). Rather, we must look to the totality of the circumstances, considering all the factors bearing on voluntariness. *Lynumn v. Illinois*, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963); *United States v. Ferrara*, 377 F.2d 16 (2d Cir.), *cert. denied*, 389 U.S. 908, 88 S.Ct. 225, 19 L.Ed.2d 225 (1967); *Fernandez-Delgado v. United States*, 368 F.2d 34 (9th Cir.1966); *People v. Kendrick*, 56 Cal.2d 71, 363 P.2d 13, 14 Cal.Rptr. 13 (1961); *Hall v. State*, 255 Ind. 606, 266 N.E.2d 16

(1971); *People v. Wormuth*, 35 A.D.2d 609, 312 N.Y.S.2d 28 (1970).

In this case we have a defendant who had several prior felony convictions, who had been advised of his right to remain silent on several occasions and had previously exercised that right, who was not subjected to any kind of prolonged interrogation or threats, and who himself raised the issue of making a statement if his woman friend was released. The record as a whole does not lead to the conclusion that defendant's statement was coerced.

298 N.W.2d at 65.

■ Numerous factors bear on a determination of whether a confession is voluntary, including the age, maturity, intelligence, education, and experience of the defendant and the ability of the defendant to comprehend; the lack of or adequacy of warnings; the length and legality of the detention; the nature of the interrogation; whether the defendant was deprived of any physical needs; and whether the defendant was denied access to friends. *State v. Linder*, 268 N.W.2d 734, 735–36 (Minn.1978).

■ Police are free to use lie detector tests in interrogating a suspect if the suspect voluntarily agrees to submit to such testing, but the police may not misrepresent the reliability of the test or falsely imply that the results will be admissible in evidence. Here the record does not indicate that the police made any such misrepresentation. Police should not make promises, implied or expressed, in order to encourage a defendant to confess. However, as we said in *Anderson*, the making of a promise by police does not automatically render any confession obtained thereby involuntary. Rather, we must look to all the circumstances and consider all the factors bearing on voluntariness. Doing that, and bearing in mind that defendant had two prior felony convictions; that he had been advised of his rights and had previously exercised his right to silence; that he was not subjected to any kind of prolonged interrogation or threats; and that the promise was not the sort of promise that might

tempt an innocent person to confess, we conclude that defendant's confession was voluntary.

We do not address the issue of improper exploitation of police precharge releasing discretion raised by defendant because defendant did not raise the issue in the trial court.

Affirmed.