**CITY OF BURNSVILLE, petitioner, Appellant,**

v.

**Charles D. MARSYLA, Respondent.**

**No. CX–83–1462.**

Supreme Court of Minnesota.

June 22, 1984.

Robert R. King, Jr., St. Paul, for appellant.

Kenneth G. Treinen, Jr., Bloomington, for respondent.

**AMDAHL, Chief Justice.**

The City of Burnsville is prosecuting defendant for a number of misdemeanor offenses. The county court suppressed statements defendant made to a police officer and also suppressed evidence seized during a consensual search of defendant's car. A district court appeal panel affirmed the suppression of the statements but reversed the suppression of the evidence seized from defendant's car. We granted the city's petition for permission to appeal that part of the order affirming the suppression of the statements. Because we agree with the city that the interrogation of defendant was noncustodial and that therefore a *Miranda* warning was not required, we reverse that part of the district court's opinion affirming the suppression of the statements.

On November 10, 1981, a Burnsville police detective obtained information that defendant was the person who unlawfully entered a Burnsville residence and took certain items of personal property on November 6. On November 13 the detective approached defendant at his residence, identified himself, and explained why he wanted to talk with defendant. The officer specifically informed defendant that he was not going to give him a *Miranda* warning, that defendant was not under arrest, and that defendant was free to leave at any time if he wanted to do so. Defendant, who acknowledged that he understood, proceeded to make inculpatory statements. The conversation took place in the detective's car in the driveway. Defendant also consented to a search of his car. During the search, the officer found an item which was not among the items initially listed as stolen. After questioning defendant briefly about the item, he asked defendant if he could take it and show it to the victim. Defendant consented to this also. The victim identified the item as hers.

We disagree with the conclusion of the county court and the district court that the interrogation of defendant was custodial. That conclusion is inconsistent with a number of United States Supreme Court cases, particularly *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977), and with a number of decisions of this court, including *State v. Marhoun*, 323 N.W.2d 729 (Minn.1982), *In the Matter of the Welfare of M.A.*, 310 N.W.2d 699 (Minn.1981), and *State v. Palm*, 299 N.W.2d 740 (Minn.1980). Because we believe that the interrogation was not custodial, we hold that the officer was not required to give defendant a *Miranda* warning before questioning him.[1]

Reversed in part.

---

1. Defendant, in his responsive brief, challenges the district court's reversal of the county court's suppression of the item seized from his car. Defendant contends that the officer should not have seized the item because he had no reason to believe that it was stolen or in any other way connected with criminal activity. This issue is technically not before us, since defendant did not file a cross-appeal, as he could have, pursuant to Minn.R.Crim.P. 29.03, subd. 3 (1983). The general rule is that even in a consent search police may not seize objects unless there is an apparent or probable nexus between the items and criminal behavior. 2 W. LaFave, *Search and Seizure* § 8.1(c), at 629–30 (1978). However, just as a defendant may consent to a search of his property, he may consent to a seizure of his property. Here, the record indicates that defendant consented to the seizure of the property in question. That being so, the fact that there was no apparent or probable nexus between the item and criminal behavior would not prevent the officer from seizing it.