**STATE of Minnesota, Respondent,**

v.

**Gordon Gene SMITH, Appellant.**

**No. C9–84–2144.**

Court of Appeals of Minnesota.

Sept. 24, 1985.

Review Denied Nov. 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is an appeal from a jury verdict finding appellant guilty of felony murder in the second degree. Appellant claims (1) the evidence was insufficient to justify conviction because he did not intend to commit felony assault and his actions constituted reasonable self-defense; (2) the trial court erred by incorrectly instructing the jury on felony murder in the second degree and self-defense, and by not instructing the jury as to lesser included offenses; (3) the trial court erred by excluding evidence of prior acts of the victim; (4) the trial court violated his constitutional right against self-incrimination by admitting statements made to arresting officers without valid waiver of his right; and (5) the trial court should have downwardly departed from the presumptive durational sentence because compelling circumstances were present. We affirm.

## FACTS

On March 15, 1984, appellant Gordon Gene Smith left the Corral Bar in Minneapolis after drinking several beers. Outside, appellant saw Diane Beaudreau who was crying and waiting for her boyfriend, Samuel James Bellanger. Bellanger emerged from the bar where he too had been drinking. He saw Beaudreau crying and confronted appellant. Appellant and Bellanger argued and physically struggled. Appellant testified Bellanger initiated the incident by punching him in the mouth. During the fight, appellant pulled out his knife. Bellanger was not armed. The struggle continued and concluded when appellant stabbed Bellanger in the chest. Appellant testified after Bellanger had gained partial control of the knife and was pushing it toward appellant's neck, appellant used counter force resulting in the stabbing.

Police officers arrested appellant and gave him his *Miranda* warning. Appellant initiated conversation with the arresting officers. He was not given a second *Miranda* warning until the next morning when questioned by the homicide division.

At trial, the jury was given felony murder in the second degree and self-defense instructions. No instructions were given on lesser included offenses. Appellant was found guilty of felony murder in the second degree. The trial court denied appellant's post-trial motions for acquittal, new trial, and downward departure.

## ISSUES

1. Was there sufficient evidence to support the jury's finding appellant committed felony murder in the second degree?

2. Were the trial court's instructions proper?

3. Did the trial court properly exclude prior acts of the victim?

4. Were the statements made by appellant to police officers following the *Miranda* warnings admissible?

5. Did appellant receive the appropriate sentence under the Minnesota Sentencing Guidelines?

## ANALYSIS

1. Appellant claims insufficient evidence to justify a jury verdict finding appellant guilty of felony murder in the second degree and that appellant did not act in self-defense.

We cannot retry the facts, but must take the view of the evidence most favorable to the state * * *. If the jury * * * could reasonably have found the defendant guilty, that verdict will not be reversed.

*State v. Merrill*, 274 N.W.2d 99, 111 (Minn. 1978).

■ Appellant specifically claims intent to commit felony assault was not established beyond a reasonable doubt. Intent is statutorily defined as "purpose to do the thing or cause the result specified or belie[f] that [the] act, if successful, will cause that result." Minn.Stat. § 609.02, subd. 9(4) (1984). Here, appellant stabbed the victim during a struggle. It was reason-

able for the jury to find appellant believed his act of forcing the knife toward the victim would result in immediate bodily harm and was not merely accidental.

Appellant also claims the evidence did not support the jury's finding appellant did not reasonably defend himself. Reasonable force may be used by a person to resist an offense against him. *Id.* § 609.-06(3). Serious force to intentionally take the life of another may not be used, however, unless the defender reasonably believes he is exposed to great bodily harm or death. *Id.* § 609.065. Here, appellant and the victim were wrestling. Appellant pulled his knife and stabbed the victim. It was reasonable for the jury to find appellant's act was not in reasonable apprehension of great bodily harm or death and appellant's act was not a reasonable act of self-defense.

2. Appellant claims the trial court's jury instructions were grossly inadequate, denying appellant a fair trial.

· ▐ Appellant claims error because the felony murder instruction allowed a verdict of guilty if the jury found appellant intended to inflict bodily harm, rather than substantial or great bodily harm. The jury was precluded thereby from determining whether appellant used a dangerous weapon to accompany intent to commit bodily harm for a finding of felony assault. *See* Minn.Stat. §§ 609.02, subd. 10, 609.222. The omission here of a dangerous weapon instruction constitutes harmless error. Appellant's knife was a dangerous weapon. *See* Minn.Stat. § 609.02, subd. 6.

▐ Appellant claims error because the self-defense instruction required a finding appellant reacted in reasonable apprehension to a threat of great bodily harm or death. The trial court's instruction followed CRIMJIG 7.05 (self-defense—causing death) rather than CRIMJIG 7.06 (self-defense—death not the result). The Minnesota Supreme Court has held CRIMJIG 7.05 is the proper instruction when death is intended, and CRIMJIG 7.06 is proper when the act committed is accidental.

*State v. Edwards,* 343 N.W.2d 269, 277 (Minn.1984). This matter lies between. While death may not have been intended, appellant intended to stab the victim.

Appellant claims the instruction given is inconsistent with Minn.Stat. § 609.06, subd. 3, but an appropriate instruction was given and appellant was not unduly prejudiced.

Appellant claims the trial court's failure to instruct the jury on lesser included offenses denied appellant a fair trial. The Minnesota Supreme Court in *State v. Jordan,* 272 Minn. 84, 86–87, 136 N.W.2d 601, 604 (1965) said:

> The right of the defendant to have such instructions given to the jury may be waived * * * expressly or * * * implicitly by failure to make proper request for such submission.

*Id.* at 86, 136 N.W.2d at 604 (footnotes omitted).

Here, appellant expressly waived a lesser included offense instruction on second degree culpably-negligent manslaughter and did not request instructions on other lesser included offenses. He implicitly waived them. The Minnesota Supreme Court has "consistently held that when a defendant waives his right to have the jury instructed regarding lesser included offenses, he is precluded from raising the issue on appeal." *State v. Berry,* 309 N.W.2d 777, 785 (Minn.1981).

▐ The Minnesota Supreme Court elaborated on *Jordan* in *State v. Leinweber,* 303 Minn. 414, 421–22, 228 N.W.2d 120, 125–26 (1975), and said:

> To this we add that in a murder case it is preeminently the trial court's duty in the exercise of its discretion to determine what lesser degrees of homicide to submit. * * * In determining what, if any, lesser degrees should be submitted, the test should be whether the evidence would reasonably support a conviction of the lesser degree and at the same time is such that a finding of not guilty of the greater offense would be justified.

*Id.* The finding of guilt on the greater offense was justified by the evidence and the *Leinweber* test was not satisfied.

■ 3. Appellant claims exclusion of prior acts of the victim denied him a fair trial. Evidence of a victim's prior acts is not admissible when offered to prove conduct in conformity with a particular occasion, but may be admitted for other purposes such as showing intent. Minn.R. Evid. 404(b). Rule 405(b) permits the introduction of specific acts when the character of the victim is an essential element of the defense. *Id.* 405(b). The Minnesota Supreme Court has held rule 405(b) cannot be used to admit specific evidence of prior acts in criminal cases in which the accused claims self-defense. *State v. Bland,* 337 N.W.2d 378, 383 (Minn.1983). The accused may, however, still use rule 404(b). *Id.*

■ Here, appellant's argument that the victim's past acts would show the victim's intent is unconvincing. The past acts were remote in time and unrelated to the incident involving appellant. Appellant was attempting to demonstrate who the aggressor was. Such evidence is not admissible to prove self-defense when the accused was previously unaware of the victim's past acts so as to have had reasonable apprehension. *See State v. Stephani,* 369 N.W.2d 540, 546 (Minn.Ct.App.1985) (citing *Bland,* 337 N.W.2d at 383), *pet. for rev. denied,* (Minn. Aug. 20, 1985).

4. Appellant claims the admission of statements made by him to police officers denied him a fair trial because the statements were obtained in violation of his constitutional privilege against self-incrimination. He claims after receiving his *Miranda* warning, his intoxicated and distressful condition prevented him from making a valid waiver.

■ When an accused makes a post-*Miranda* statement, the State bears the burden of proof the accused knowingly, intelligently, and voluntarily waived his right against self-incrimination. *State v. Merrill,* 274 N.W.2d 99, 106 (Minn.1978) (citing *Miranda v. Arizona,* 384 U.S. 436,

475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966)). Waiver may be express or implied. *Id.* at 106. When the accused volunteers information in the absence of questioning, waiver may be inferred. *Id.* To determine the effectiveness of a waiver, the totality of the circumstances must be considered including whether the accused's will was overborne. *Id.* at 106–07.

■ Here, appellant, after receiving his *Miranda* warning, did not make an express waiver of his rights. Appellant initiated conversation while he and the arresting officer were waiting at the courthouse for assistance from the homicide detectives. He had been drinking and according to the arresting officer was speaking incoherently. After appellant spoke, the arresting officer asked him "what happened?", to which appellant responded with additional comments. Appellant did not request counsel.

■ In viewing the totality of circumstances, several factors must be considered, including length of detention, nature of interrogation, physical deprivations, access to counsel, and ability to comprehend. *See State v. Linder,* 268 N.W.2d 734, 735 (Minn.1978). Appellant contends the waiver was invalid because he never comprehended his *Miranda* rights. When asked if he understood those rights, appellant mumbled an unclear comment but did not indicate he did not understand his rights. Incoherent speech does not necessarily indicate incompetence as to rights. "Defendant's intoxication is one among many factors to be considered." *State v. Kulseth,* 333 N.W.2d 635, 637 (Minn.1983).

His statements were voluntary and not the result of interrogation. His will was not overborne. In light of the totality of circumstances presented, appellant's comments constituted a valid waiver.

■ 5. Appellant claims the trial court erred in refusing to downwardly depart from the Minnesota Sentencing Guidelines presumptive sentence. Reversal of a refusal to depart is rare and will only be done in extraordinary cases. *State v. Kin-*

*dem,* 313 N.W.2d 6, 7 (Minn.1981). The compelling circumstances claimed by appellant involve the jury's failure to accept appellant's self-defense claim. This court has held that such a claim is not compelling. *King v. State,* 353 N.W.2d 144, 149 (Minn.Ct.App.1984). The sentence imposed by the trial court was therefore proper.

## DECISION

There was sufficient evidence to support a jury finding of guilt of felony murder in the second degree. The trial court's jury instructions were proper. The trial court properly omitted instructions of lesser included offenses and properly excluded evidence of the victim's prior acts and properly admitted appellant's post-*Miranda* statements. The presumptive durational sentence was also proper.

Affirmed.