Hubert H. Humphrey, III, Atty. Gen., St. Paul, B. William Ekstrum, Nicole E. Nee, Fridley, for respondent.

James Del Vecchio, Coon Rapids, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FOLEY, JJ., with oral argument waived.

**STATE of Minnesota, Respondent,**

v.

**Richard James HAMMERSTAD, Appellant.**

No. C6–86–145.

Court of Appeals of Minnesota.

July 29, 1986.

## OPINION

WOZNIAK, Judge.

Richard Hammerstad was convicted of two counts of aggravated DWI and challenges the sufficiency of evidence on appeal. We affirm.

## FACTS

Around 12:45 a.m. on July 31, 1985, appellant arrived by motorcycle at the George Is In Fridley restaurant/bar. Appellant stipulated for trial that he was intoxicated when he left the bar about one hour later. Shortly after, appellant was struck by a car in the parking lot. Appellant was the only witness to the accident.

The police quickly arrived and saw appellant on his feet and walking around. Appellant admitted driving his motorcycle when the accident occurred. Appellant told Fridley police officers Roger Bergmeier and Roger Standal that he was trying to

drive out of the south entrance and a two-door blue Cutlass ran or tried to run into him. The cycle was found in the driveway area of the parking lot and was on its side. The cycle's engine was hot to the touch. Officer Standal noticed the cycle's side kickstand had not made any gouge marks or otherwise disturbed any of the asphalt surface despite it being a hot summer night. Officer Standal noticed some scratches and a dent on the lever of the cycle. Appellant repeatedly stated that he was driving. Appellant was taken to a hospital for treatment of a broken leg, and in the ambulance appellant refused to consent to a blood or urine test following administration of the implied consent advisory.

At appellant's court trial for gross misdemeanor DWI, appellant testified that he could not remember the details of the accident. Appellant's friend, Michael Griffin, testified that he had one set of appellant's keys and claimed that after the accident appellant was "completely out of it." Appellant testified that he had two sets of keys for his motorcycle, but did not have one of the sets with him that night. Appellant was convicted of aggravated DWI, for DWI while driving after revocation, Minn. Stat. § 169.129 (1984), and DWI for a third offense within ten years, Minn. Stat. § 169.121, subd. 3 (1984).

### ISSUE

Is the evidence sufficient to sustain appellant's convictions for DWI?

### ANALYSIS

Appellant's sole claim on appeal is that the evidence is insufficient to establish that he was driving the motorcycle while intoxicated. Viewing the evidence in the light most favorable to the court's finding, as we must, *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978); *State v. Peterson*, 379 N.W.2d 116, 117 (Minn.Ct.App.1985), we affirm. The record shows there were scratches on the bike and a bent lever, consistent with the State's theory that appellant was hit while sitting astride the cycle and driving it out of the parking lot. The evidence of the hot engine and lack of asphalt marks from the kickstand sufficiently corroborates appellant's confession to police that he was driving the cycle when he was hit. Appellant's confession to police was voluntary. *See State v. Kulseth*, 333 N.W.2d 635, 637 (Minn.1983); *State v. Merrill*, 274 N.W.2d at 106; *State v. Smith*, 374 N.W.2d 520 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. Nov. 25, 1985). As the trial court found, at the time appellant was consistent in both maintaining that he was the driver and in his description of the accident (hit-and-run accident by a driver of a blue Cutlass), facts which were inconsistent with appellant's trial position that he was so confused or physically incapacitated he was unable to make a knowing, voluntary statement to the police.

### DECISION

Appellant's DWI convictions are affirmed.