**STATE of Minnesota, Appellant,**

v.

**Linda Marie VON BANK, Respondent.**

**No. C3–83–1268.**

Court of Appeals of Minnesota.

Jan. 4, 1984.

R. Kathleen Morris, Scott County Atty., Shakopee, for appellant.

Dennis P. Moriarty, Shakopee, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is an appeal by the state from the pre-trial order of Scott County District Court suppressing the admission of defendant's breath test from trial, for violation of Minn.Stat. §§ 169.121, subd. 1(a) & (d) (1982). Defendant agreed to submit to a breath test after being read the standard implied consent advisory. The trial court suppressed the results of this test when it concluded that defendant's right to counsel was violated because the officer failed to inquire further after defendant stated dur-

ing the reading of the implied consent advisory that she didn't know whether she wished to consult with an attorney. We reverse.

## FACTS

On May 29, 1982, Deputy Wagner was called to the scene of a single car property damage accident. After he ascertained that Linda Marie Von Bank was the driver, and observed her to have physical signs of intoxication, he administered a preliminary breath test which she failed. At this time he informed defendant that she was under arrest for driving while intoxicated and read the standard implied consent advisory. He noted that defendant was not injured, did not appear to be in shock and seemed to be clear thinking.

The advisory form Deputy Wagner read defendant included the following: "You have the right to consult with an attorney. If you wish to do so, a telephone will be made available to you. If you are unable to contact an attorney, you must make the decision on your own. You must make your decision within a reasonable time." After reading this information, Deputy Wagner asked defendant whether she understood the information, and she stated, "I suppose." Defendant was asked if she wished to consult with an attorney and she responded, "Don't know." Deputy Wagner then asked "Will you give a sample of your breath?" and defendant responded, "I suppose." A breathalyzer test was subsequently administered showing a blood alcohol content of .12.

## ISSUE

Was defendant adequately informed of her right to counsel by being read the standard implied consent advisory form?

## ANALYSIS

■ Minn.Stat. § 169.121, subd. 2 provides that "the court may admit evidence of the amount of alcohol ... in the person's blood, breath, or urine as shown by a medical or chemical analysis thereof, if the test is taken voluntarily or pursuant to section 169.123 [the implied consent law]." As pertains to right to counsel this statute states: "At the time a chemical test specimen is requested, the person shall be informed: ... that the person has a right to consult with an attorney but that this right is limited to the extent that it cannot unreasonably delay administration of the test or the person will be deemed to have refused the test." Minn.Stat. § 169.123, subd. 2(b)(3) (1982). In this case, the defendant agreed to submit to a breath test after Deputy Wagner had read her an implied consent advisory form which met the requirements of Minn.Stat. § 169.123.

In the recent case of *State v. Gross,* 335 N.W.2d 509, 510 (Minn.1983), (which was decided after the pre-trial hearing in the instant case), the Minnesota Supreme Court rejected the need for a peace officer to give a person more advice under the implied consent law than is mandated by statute. The court in *Gross* stated: "We have never held that police must give a Miranda warning to a person before they give an implied consent advisory. Indeed, our decision in *State v. Beckey,* 291 Minn. 483, 192 N.W.2d 441 (1971), counsels against this."

Defense counsel further asserts that defendant-driver had a constitutional right to counsel which had not been clearly waived when she was asked to submit to a breath test.

The trial judge properly noted that in *Prideaux v. State,* 310 Minn. 405, 247 N.W.2d 385 (1976), the Minnesota Supreme Court stated that only a limited statutory right and not a constitutional right to counsel exists at this stage of the police investigation process. *See also South Dakota v. Neville,* — U.S. —, 103 S.Ct. 916, 74 L.Ed.2d 748, 759 (1983), ("In the context of an arrest for driving while intoxicated, a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of Miranda." *Id.*)

■ *Prideaux* instructs courts to suppress admission of chemical test results

only "when the driver has been coerced into making a complicated decision without the assistance of counsel required by this opinion ..." *Prideaux* 247 N.W.2d at 395. The evidence in the instant case, including the fact that defendant was twice told she could consult an attorney before she made her decision, the fact that she did not ask to consult an attorney or ask for further explanation of her rights, and the fact that defendant said "I suppose" when asked if she understood the implied consent information given her, and also said "I suppose" when asked if she would submit to the breath test, do not support a finding that defendant was coerced. Defendant's limited right to counsel was not violated and the results of her breath test are admissible as evidence at trial.

Reversed.

Respondent is awarded $400 as attorney's fees on this appeal.