**STATE of Minnesota, Appellant,**

v.

**Karl Alphonse PELOVSKY, Respondent.**

**No. C7–83–1905.**

Court of Appeals of Minnesota.

May 1, 1984.

Hubert H. Humphrey III, Atty. Gen., Norman B. Coleman, James B. Early, Spec. Asst. Attys. Gen., St. Paul, for appellant.

William J. Mauzy, Susan E. Gaertner, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

After an omnibus hearing, the trial court suppressed an incriminating statement made by Karl Pelovsky. The trial was stayed and the State appeals under Minn.R. Crim.P. 28.04(1) (formerly numbered as Minn.R.Crim.P. 29.03(1)). We affirm.

### FACTS

The State alleges that Pelovsky has committed Medicare fraud. He is charged with five counts of theft.

Pelovsky owns and operates the Owatonna Health Care Center, a nursing home in Owatonna, Minnesota. Welfare Department auditors, in a search of the nursing home's records, detected charges for personal food billed to Medicare. The Attorney General's office sent Charles Gudknecht, an investigator, to interview him. Although Gudknecht claimed he had informed Pelovsky who he was and the nature of his investigation, the trial judge specifically found that the investigator "did not inform Karl Pelovsky on April 26, 1983, or at any time prior to that date, that Gudknecht was a criminal investigator or that Gudknecht's visit on that date related to a potential criminal action against Pelovsky." Gudknecht did not give Pelovsky a *Miranda* warning before questioning him.

Gudknecht asked Pelovsky when he had first started charging his personal groceries to the Owatonna Nursing Center. He said that it was probably in 1979 because he had checked back to that year for the auditors. Gudknecht then asked him whether other members of his family had charged food on the nursing home account. He said he wanted to talk to an attorney and have a copy of the questions. Gudknecht gave him a copy of the questions and left. Later Gudknecht saw him. He said he would not answer any more questions and Gudknecht asked no more.

Before trial, the trial court held an omnibus hearing on Pelovsky's motion to suppress the statement made to the investigator. The trial court determined that the statement was not voluntary because the investigator gave no *Miranda* warning to Pelovsky.

## ISSUE

Will the exclusion of Pelovsky's statement have a critical impact on the trial?

## ANALYSIS

■ When appealing a pretrial criminal order, the State must show that the trial court 1) excluded evidence which will have a critical impact on the trial; and 2) it was wrong in excluding the evidence. *State v. Webber,* 262 N.W.2d 157, 159 (Minn.1977). The standard is so narrow that, thus far, the State has never met it. *State v. Hejl,* 315 N.W.2d 592, 593 (Minn.1982); *State v. Fisher,* 304 N.W.2d 33 (Minn.1981); *State v. Vangstad,* 289 N.W.2d 468 (Minn.1979); *State v. Helenbolt,* 280 N.W.2d 631 (Minn. 1979), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 709, 62 L.Ed.2d 672 (1980); *State v. Schmieg,* 344 N.W.2d 425, 426 (Minn.App. 1984).

■ Not having this statement will weaken the State's case. The State still has, however, a fairly substantial case. They have the statements of two ex-employees (although one has died), nursing home records, and the auditor's reports. The lack of Pelovsky's own incriminating statement will not cause the State's case to collapse. Since the State cannot show that the omission of the statement is critical to the outcome of the case, the State has failed its burden of proof.

This court need not review the propriety of the trial court's order because the State has not shown the exclusion will have a critical impact on the trial. The trial court, however, can still reconsider its decision upon proper application of the parties. *State v. Webber,* 262 N.W.2d 157 (Minn. 1977). Review would be especially appropriate in light of the United States Supreme Court's decision in *Minnesota v. Murphy,* — U.S. —, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984).

## DECISION

The trial court is affirmed.