**Bart Edward BUTLER, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C0–83–1860.**

Court of Appeals of Minnesota.

June 5, 1984.

Stewart R. Perry, Wayzata, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

This appeal is from the municipal court's order revoking Butler's driver's license, rejecting Butler's defense of lack of *Miranda* warning and denial of right to counsel. We affirm.

## FACTS

In July, 1983, Butler was speeding and weaving in his lane, and was pulled over by an officer of the Plymouth Police Department who suspected that Butler was driving while intoxicated.

As he approached Butler, the officer smelled alcohol and saw that Butler had bloodshot eyes. The officer asked Butler if he had been drinking. Butler said, "Yes, I have." The officer had Butler perform a number of field sobriety tests: walking a straight line, touching a finger to his nose, standing on one leg, reciting the alphabet. Since Butler did poorly on the sobriety tests, he was given a preliminary breath test which he failed. The officer arrested Butler.

At the police station, the officer read Butler the Implied Consent Advisory. When asked if he wanted to speak to a lawyer, Butler said he would, but that he did not have one of his own. The officer called the public defender's office and left a message with an answering service. Several minutes later, a public defender called back. The public defender told Butler the consequences of taking or not taking the test, but refused to advise Butler whether he should take the test. Butler hung up. The officer reexplained the implied consent procedure and asked Butler if he would take the test. He said he would. Butler's blood alcohol was .16.

## ISSUES

1. Is an officer required to give a *Miranda* warning before conducting field sobriety tests at the scene of a traffic stop?

2. Was Butler denied his right to counsel when the public defender he spoke to told him the consequences of taking or refusing the breathalyzer test, but refused to advise him whether or not to submit to the test?

## ANALYSIS

■ 1. A *Miranda* warning is necessary only "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning ..." *Miranda v. Arizona,* 384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). Butler must show that he was subjected to custodial interrogation for a criminal charge before a *Miranda* warning is required.

■ The Minnesota Supreme Court has counseled against giving *Miranda* warnings before requesting chemical tests in an implied consent situation. *State v. Gross,* 335 N.W.2d 509, 510 (Minn.1983); *State, Dept. of Highways v. Beckey,* 291 Minn. 483, 192 N.W.2d 441 (1971). Since an implied consent proceeding is civil, rather than criminal, in nature, no Fifth Amendment right attaches. *Goldsworthy v. State, Dept. of Pub. Safety,* 268 N.W.2d 46, 49 n. 4 (Minn.1978).

Giving a *Miranda* warning, which implies there are no penalties for refusing to cooperate, in an implied consent situation, where there are substantial penalties for refusing to cooperate, is confusing to the driver. It can be so confusing that he would have reasonable grounds to refuse the test. *Prideaux v. State, Dept. of Public Safety,* 310 Minn. 405, 406 n. 2, 247 N.W.2d 385, 387 n. 2 (1976).

■ The United States Supreme Court does not require a *Miranda* warning in an

implied consent situation. As noted by the Court:

> In the context of an arrest for driving while intoxicated, a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of *Miranda*. As we stated in *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980), police words or actions 'normally attendant to arrest and custody' do not constitute interrogation. The police inquiry here is highly regulated by state law, and is presented in virtually the same words to all suspects. It is similar to a police request to submit to fingerprinting or photography. Respondent's choice of refusal thus enjoys no prophylactic *Miranda* protection outside the basic Fifth Amendment protection.

*South Dakota v. Neville*, 459 U.S. 460, 103 S.Ct. 916, 923 n. 15, 74 L.Ed.2d 748 (1983). According to our Minnesota Supreme Court, after the *Neville* opinion, it is settled that a *Miranda* warning is not required before an implied consent advisory is read. *State v. Gross*, 335 N.W.2d 509, 510 (Minn.1983).

2. Butler also claims that he was denied his right to counsel. The right to counsel in an implied consent situation is a limited statutory right. *Prideaux v. State, Dept. of Public Safety*, 310 Minn. 405, 414, 247 N.W.2d 385, 391 (1976). By statute, "at the time a chemical test specimen is requested, the person shall be informed: ... (3) that the person has a right to consult with an attorney." Minn.Stat. § 169.-123(2)(b)(3) (Supp.1983). Not only must the person be informed, but also "police officers must assist in its vindication." *Prideaux*, 310 Minn. at 421, 247 N.W.2d at 394.

In this case, Butler requested an attorney, the officer called the public defender's office and later, a public defender called back. The officer was not privy to the conversation between the public defender and Butler. When they were done, the officer again told Butler of the consequences of not taking the test. Butler said he would take the test. Butler complains that he did not receive adequate counsel and that the officer should have done more to ensure that Butler did receive adequate counsel. Under the circumstances, the public defender advised Butler as well as she could have. Even if Butler had not received the advice he requested, it would not have been the result of any failure on the officer's part in trying to vindicate Butler's right to an attorney. The statute requires only that the officer allow and facilitate the defendant's right to counsel, not that the officer make sure the defendant has received the best or even proper counsel. Here, the officer complied fully with the statute; therefore, the defendant's right to counsel was fully vindicated.

## DECISION

Butler had no right to a *Miranda* warning before submitting to field sobriety tests.

Butler's right to counsel was vindicated.

Affirmed.