**STATE of Minnesota, Appellant,**

v.

**Christian Thorpe KLINE, Respondent.**

**No. C2–84–624.**

Court of Appeals of Minnesota.

July 10, 1984.

John R. Leitner, Aitkin County Atty., Aitkin, for appellant.

Steven E. Elias, Milavetz & Associates, Crystal, for respondent.

Considered and decided by WOZNIAK, P.J., and SEDGWICK and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

On a motion by the defendant, the trial court suppressed evidence in this D.W.I. case. The trial court found that the defendant was not read a *Miranda* warning and that the officer had not seen the defendant in physical control of the vehicle, making the arrest illegal. We reverse and remand.

## FACTS

On December 30, 1983, Aitkin County Deputy Sheriff Dale Gillson found a van stuck in the ditch with two wheels off the road. He stopped and found someone sleeping in the van. While trying to arouse the slumberer, a tow truck arrived. Gillson walked across the street towards the tow truck and was met half way by Christian Kline who had just gotten out of the tow truck. They conversed and Kline identified himself as the driver of the van.

Because it was cold out and because they were standing in the middle of the road, Kline and Gillson got into the deputy's car. Gillson had observed that Kline's eyes were "slightly glazed and they were kind of watery and saggy" and that Kline's speech was slurred. The deputy asked Kline if he had been drinking and how much. Kline said he had had five beers.

Seeing that the tow truck was ready to go, Kline said he had to go help and jumped out of the car. The deputy, still unconvinced about Kline's sobriety, got out and called the defendant. Kline stopped and the deputy had him perform a number of field sobriety tests. Kline could neither walk a straight line nor touch his finger to his nose. Deputy Gillson asked Kline to come to the station for a breath test. Kline agreed.

## ISSUES

1. Did the trial court err in suppressing evidence because no *Miranda* warning was given to the defendant before preliminary on-site questioning?

2. Did the trial court err in finding that an invalid arrest was made because the officer had not seen the defendant in control of the vehicle?

## ANALYSIS

The state appeals pursuant to Rule 28 of the Minnesota Rules of Criminal Procedure. The state must demonstrate "clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Webber,* 262 N.W.2d 157, 159 (Minn.1977); *see State v. Pelovsky,* 347 N.W.2d 529 at 530 (Minn.Ct.App.1984).

The judge said he was suppressing evidence because of an illegal arrest. If the arrest was illegal, all evidence resulting from the arrest would have to be suppressed as "fruits of the poisonous tree." *United States v. Crews,* 445 U.S. 463, 471–72, 100 S.Ct. 1244, 1249–1250, 63 L.Ed.2d 537 (1980); *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963). All the evidence in this case, including the breath test, would have to be excluded and the case dismissed if the trial court was correct. The state has shown that the exclusion had a critical impact on the trial. *State v. Whelan,* 350 N.W.2d 414 at 416 (Minn.Ct.App. 1984).

1. Evidence properly obtained under the implied consent law is admissible in a criminal D.W.I. case. Minn.Stat. § 169.-121(2) (Supp.1983). This court recently ruled that requesting sobriety tests, preliminary breath tests, or evidentiary blood alcohol tests, as provided for by Minnesota's implied consent law, is not a custodial interrogation for *Miranda* purposes. *Butler v. Commissioner of Pub. Safety,* 348 N.W.2d 827 at 829 (Minn.Ct.App.1984); *see South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 923 n. 15, 74 L.Ed.2d 748 (1983); *State v. Gross,* 335 N.W.2d 509 (Minn.1983).

The United States Supreme Court's *Miranda* decision does not prohibit all police questioning before a warning is given:

Our decision is not intended to hamper the traditional function of police officers in investigating crime.... General on-the-site questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding.... In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present.

*Miranda v. Arizona,* 384 U.S. 436, 477–78, 86 S.Ct. 1602, 1629–1630, 16 L.Ed.2d 694 (1966). The deputy's questions, "Are you the driver?", "Have you been drinking?", "How much?", are all examples of general on-site questioning. Much more detailed questioning to exact more incriminating evidence than was the case here, has been held to be general on-site questioning. *E.g., State v. Taylor,* 249 Or. 268, 437 P.2d 853, 854 (1968) (have you been drinking; how much; when; where; do you know where you are?). The fact that the questioning was done in the patrol car does not alter the situation in this case. *Cf. City of Burnsville v. Marsyla,* 349 N.W.2d 829 at 830 (Minn.1984) (officer's questioning of theft suspect in officer's car not custodial). Getting in the car was natural, considering the winter weather. The defendant apparently did not feel compelled to stay since he left the car on his own.

The deputy violated no rights of the defendant by not giving him a *Miranda* warning. In fact, the deputy's restraint was good police procedure since giving a *Miranda* warning in an implied consent situation can be confusing to the driver. *Butler,* 348 N.W.2d at 828.

2. Before a detention is considered an arrest, there must be a significant deprivation of the person's freedom. *Minnesota v. Murphy,* — U.S. —, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984). Here, after the driver has failed preliminary

tests, the officer asked the driver to get in the squad car and come to the station. As noted by one commentator, "[t]he implication of *Terry v. Ohio, Davis v. Mississippi,* and *Morales v. New York,* would appear to be that except for instances of bona fide consent on the part of the suspect, any time the individual is taken to the station-house by officers an arrest has occurred." J. Cook, Constitutional Rights of the Accused: Pre-Trial Rights § 14 at 92 (1972). To a reasonable person's mind, an officer's request to come to the station after a failed sobriety test is an arrest.

When an accident has occurred, officers can arrest "a person for violation of subdivision 1 [D.W.I.] without a warrant upon probable cause, without regard to whether the violation was committed in the officer's presence." Minn.Stat. § 169.-121(1a) (Supp.1983). Here the deputy found a van stuck in the ditch with two wheels off the pavement. It was stuck enough that a tow truck was needed. Reading the D.W.I. statute broadly to protect the public, where a van is stuck in the ditch, so stuck in fact that a tow truck is needed to pull it out, an accident has happened. The officer, therefore, had power to arrest the defendant even though he never saw the defendant in physical control of the vehicle.

### DECISION

The sheriff was under no obligation to give the defendant a *Miranda* warning before asking preliminary on-site questions.

The sheriff's arrest was valid even though he did not see the defendant in physical control of the vehicle since an accident had happened.

Reversed and remanded.