**Paul Henry HANSEN,
petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

No. C8–86–485.

Court of Appeals of Minnesota.

Oct. 7, 1986.

John D. Ellenbecker, St. Cloud, for petitioner, respondent.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, M. Jacqueline Regis, Sp. Asst. Attys, Gen., St. Paul, for appellant.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

LESLIE, Presiding Judge.

Respondent Paul Henry Hansen was arrested for driving while under the influence. He refused to submit to testing and his license was revoked. An implied consent hearing was held in which respondent challenged the revocation. The trial court rescinded the revocation, and the Commissioner of Public Safety appeals. We reverse.

## FACTS

Officer Jeffrey Young arrested respondent Paul Henry Hansen on October 26, 1985, for driving while under the influence. He read respondent the implied consent advisory at the scene at approximately 11:35 p.m. Officer Young attempted to administer an Intoxilyzer test to respondent, but obtained a deficient sample due to respondent's physical inability. Because respondent had a problem with his breathing, Young gave him a choice of either a blood or urine test. Respondent stated: "I gave you my test." Young advised him that this was a refusal, and issued him a notice. Young did not tell respondent where he would take the blood or urine test, or how it would be done. He did not reread the implied consent advisory.

Respondent Hansen testified that he suffers from shortness of breath because he had a lung removed. He also had a leg removed due to circulation problems. He testified that he did not recall Officer Young reading his rights when he was originally stopped. He recalled agreeing to take a breath test. He attempted to provide a sample, but was told he did not provide an adequate sample. He testified that the officer then offered only a blood test, and he was not given the option of a urine test. Respondent explained that he has a fear of giving blood, and he cannot give blood because of circulation problems. He said the officer did not explain if he did not take the blood test he might lose his license for a year. When questioned as to why he had memory lapses on other matters but was sure he was not offered a urine test, he explained that he remembers when someone wants him to give blood, and he would have given a urine test if asked.

At the implied consent hearing, the parties stipulated that the only issue raised was whether the officer offered respondent alternative tests when he was unable to provide an adequate breath sample. At the close of the testimony, respondent argued to the court that the refusal was reasonable because the advisory took place 35 minutes prior to the determination that there was a refusal, and because there was no additional mention to respondent that refusal to take the additional test would result in a one-year revocation until after he refused. He also argued that under these circumstances, failure to explain to Hansen that a medical technician would take the second sample at the hospital made his refusal reasonable. Finally, he argued that no urine test was offered.

The trial court found Officer Young's testimony more credible on the issue of whether he offered respondent both the blood and urine tests, and it found that he offered both. It then determined that respondent's refusal was not reasonable, because even if he could not give blood, he testified that he would have given urine, and, further, he admitted his reason for refusing was not because of reluctance to give blood or urine, but because he had already given a test. Finally, the trial court found that it was necessary for the officer to reread the implied consent advisory prior to offering the alternative tests. The court determined the failure to reread the implied consent advisory in its entirety was either a failure to comply with the implied consent law in itself or, alternatively, made respondent's refusal reasonable under the circumstances.

## ISSUES

1. Where the driver stipulated that the only issue was whether he was offered alternative tests after he was unable to provide a breath sample, and the trial court found that the officer offered alternative tests, did the trial court properly rescind the license because it determined the officer should have reread the implied consent advisory prior to offering the alternative tests?

2. Is the officer required to reread the implied consent advisory prior to offering alternative tests?

## ANALYSIS

1. Appellant Commissioner first argues that the trial court erred when it rescinded the revocation on a ground not before the court. The parties had stipulated that the only issue was whether the officer offered respondent the alternatives of a blood or urine test. See *Haugen v. Commissioner of Public Safety*, 389 N.W.2d 222 (Minn.Ct. App.1986). The trial court determined that the officer had done so, but nonetheless rescinded the revocation because the officer did not reread the implied consent ad-

visory prior to requesting an alternative test.

■ The issue of whether a person was properly informed of his rights may be raised during an implied consent hearing. Minn.Stat. § 169.123, subd. 6(2) (1984). A person may also raise as an affirmative defense that refusal was reasonable. Minn.Stat. § 169.123, subd. 6. Respondent raised these issues with specificity in his petition for judicial review. Minn.Stat. § 169.123, subd. 5c. However, at the hearing, respondent and appellant stipulated that the only issue was whether the officer offered alternative tests, and respondent withdrew objections to other issues. The respondent went on to argue that he was not properly advised of his rights and his refusal was reasonable. The trial court rescinded the revocation on that ground but noted at the time that it did not know whether the issue was even raised, or, if it was, whether much time was spent arguing it.

Respondent argues that the stipulation was intended simply to limit the testimony to the facts surrounding the circumstances of the test, rather than the stop or the arrest. In addition, he contends that this issue can be decided only in the context of whether there was a refusal and if the refusal was reasonable. Finally, he notes that he argued the issue of reasonableness of the refusal without objection by the Commissioner. While we have doubts as to whether the trial court properly ruled on the issue, we will nonetheless address the merits.

■ 2. The trial court based its decision on a determination that the implied consent advisory should have been reread to the respondent. The driver of a motor vehicle is deemed to have consented to testing procedures, Minn.Stat. § 169.123, subd. 2(a) (Supp.1985), although the person has the option of refusing. *Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512, 517 (Minn.), *appeal dismissed*, —— U.S. ——, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985). The statute provides that the driver shall be given the implied consent advisory at

the time the test is requested. Minn.Stat. § 169.123, subd. 2(b) (1984). The courts and legislature have prescribed the rights of a person under the implied consent law within the framework of reasonableness, *State, Department of Public Safety v. Wiehle*, 287 N.W.2d 416, 419 (Minn.1979); *Yokoyama v. Commissioner of Public Safety*, 356 N.W.2d 830, 831 (Minn.Ct.App. 1984).

 Police are required to give only the information mandated by statute. *State v. Gross*, 335 N.W.2d 509, 510 (Minn.1983); *Holtz v. Commissioner of Public Safety*, 340 N.W.2d 363, 365 (Minn.Ct.App.1983). Minn.Stat. § 169.123, subd. 2b(c) provides that failure to provide two adequate samples constitutes a refusal. Minn.R. 7502.-0430, subpt. 1 (1985) provides that:

> Failure of a person to provide two separate, adequate breath samples constitutes a refusal, unless the failure is the result of physical inability to provide a sample, in which case a sample of blood or urine must be provided by the person.

*See also Aunan v. Commissioner of Public Safety*, 361 N.W.2d 907 (Minn.Ct.App. 1985). Neither the statute nor the rule require the police to reread the implied consent advisory when an alternative test is necessary due to the driver's physical inabilities.

■ The trial court also determined that failure to reread the advisory made the refusal reasonable. An argument can be made that a refusal was reasonable because the driver was confused about his obligation to submit to an alternative test, and the consequences of failing to do so. *Gunderson v. Commissioner of Public Safety*, 351 N.W.2d 6, 7 (Minn.1984). The case here focused on whether respondent was given the choice of a blood or urine test. Respondent testified that while he told the officer he was not going to give him any more tests because he had already given the breath test, he did not give any more tests because he would not give anybody blood. Whether a refusal is reasonable is generally a question of fact to be determined by the trial court. *Palbicki v.*

*Commissioner of Public Safety*, 347 N.W.2d 512, 514 (Minn.Ct.App.1984). Here, however, the trial court based its determination that the refusal was reasonable on the grounds that the implied consent advisory should have been reread. There was no finding or showing of confusion. The determination that the refusal was reasonable is clearly erroneous and cannot stand.

## DECISION

The trial court's recission of the revocation is reversed.

Reversed.