Leo Joseph SCHULTZ,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C5-89-619.

Court of Appeals of Minnesota.

Oct. 24, 1989.

Stephen R. O'Brien, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen. and Jeffrey F. Lebowski, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by NORTON, P.J., and LANSING and FLEMING,* JJ.

## OPINION

### WILLIAM J. FLEMING, Judge.

Appellant was arrested for driving while under the influence, and his driver's license was revoked for refusing testing pursuant to the implied consent law, Minn.Stat. § 169.123 (1988). He petitioned for judicial review, contending that because he told the officer he wanted to change his mind after first refusing, he did not refuse testing. The trial court sustained the revocation and Schultz appeals.

## FACTS

On December 23, 1988, shortly after 1:00 a.m., Officer Clark Messenbrink placed appellant under arrest for driving while under the influence. Messenbrink transported appellant to the Brooklyn Center Police Station where the implied consent advisory was read to him. Appellant said he did not understand it. The advisory was re-read three times and appellant was allowed to read it himself. Appellant still indicated he did not understand it. Messenbrink asked if he would give a breath test and appellant refused. When asked why, he said "because I don't understand." After appellant refused, the officer noted a refusal on the implied consent form. Appellant then said "Wait, I want to change that." Messenbrink did not give appellant a breath test, but did give him some field sobriety tests.

Appellant's driver's license was revoked pursuant to the implied consent law for refusal. He petitioned for judicial review. The trial court found appellant refused testing, and that his apparent change of heart after having said no did not require the officer to give appellant a test. The

referee recommended sustaining the revocation, and the trial court issued an order sustaining the revocation. Schultz appeals from the trial court's order.

## ISSUE

Did appellant refuse testing within the meaning of the implied consent law, Minn. Stat. § 169.123 (1988)?

## ANALYSIS

Any person who drives, operates, or is in physical control of a motor vehicle within Minnesota consents to a chemical test for the purpose of detecting the presence of alcohol. Minn.Stat. § 169.123, subd. 2(a). The legislature has allowed drivers to nonetheless refuse testing. *Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512, 517 (Minn.), *appeal dismissed*, 474 U.S. 1027, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985). If a driver refuses testing, none shall be given, but the driver's license will be revoked for one year. Minn.Stat. § 169.123, subd. 4.

The supreme court has indicated that an expression of willingness to take a test after talking with an attorney is "an ineffective attempt to avoid the consequences of * * * refusal." *Nyflot*, 369 N.W.2d at 517 n. 4. It quoted *State v. Palmer*, 291 Minn. 302, 308–09, 191 N.W.2d 188, 191–92 (1971), for the proposition that "the testing officers should not be required 'to await the driver's convenience of a different time or place' to submit to the statutory requirement."

This court addressed the issue of whether a person could withdraw a refusal most recently in *Mossak v. Commissioner of Public Safety*, 435 N.W.2d 578 (Minn.Ct. App.1989), *pet. for rev. denied* (Minn. April 10, 1989). In *Mossak*, the driver refused testing. Five or ten minutes later, after talking with a friend on the telephone, she asked to take the test, but was refused the opportunity. By this time, the officer had completed his paperwork and was on his way out of the building. *Id.* at 579. This

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

court held appellant's refusal was not cured by a later offer to take the test. We observed that:

> [C]onsent for testing serves the evident purpose of the implied consent statute, and that law enforcement officers serve minimum public expectations by being flexible in disregarding a tentative refusal which is promptly withdrawn. Nevertheless, we find no basis for an appellate court mandate for flexibility such as would expunge appellant's refusal in the circumstances here.

*Id.* at 580.

In this case, appellant's change of mind was almost immediate, and was not separated from his initial response by any substantial time, place, or a telephone call to counsel or a friend. The only action the officer took was to mark a refusal on the implied consent form. The officer had not completed his processing of appellant's case, and, in fact, went on to administer field sobriety tests to appellant. Even under the apparent "bright line" rule in Minnesota, *see Nyflot*, 369 N.W.2d at 517, n. 4, we hold that under these facts, appellant did not refuse testing, and the breath test should have been administered.

### DECISION

The order of the trial court sustaining the revocation is reversed.

Reversed.