STATE of Minnesota, City of New Ulm, Respondents,

v.

Karl Robert FORTMAN, Appellant.

No. C7-92-1166.

Court of Appeals of Minnesota.

Dec. 15, 1992.

Richard L. Swanson, Chaska, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Hugh T. Nierengarten, New Ulm City Atty., New Ulm, for respondents.

Considered and decided by ANDERSON, C.J., and KALITOWSKI and HARTEN, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Karl Robert Fortman challenges his conviction for driving while under the influence of alcohol on the grounds that his constitutional right to counsel was violated when the Intoxilyzer malfunctioned and the entire implied consent advisory was not reread to him prior to obtaining an alternate sample.

## FACTS

In July 1991, a New Ulm police officer stopped appellant's vehicle for speeding. Based upon the officer's observations and results of a preliminary breath test, appellant was properly arrested for driving while under the influence of alcohol and transported to the New Ulm police station. Appellant was read the Minnesota implied consent advisory including a statement that he could consult with an attorney before deciding whether or not to submit to chemical testing. After trying unsuccessfully to reach an attorney for 17 minutes, appellant agreed to take a test.

The Intoxilyzer malfunctioned during the first breath sample. The police officer advised appellant that he would have to take either a blood or urine test. The officer reread the implied consent advisory, omitting the paragraph indicating appellant had the right to consult with an attorney before taking the test, and denied appellant's second request to consult with an attorney. Appellant then agreed to give a blood sample which indicated a blood alcohol concentration of .12 percent. Approximately one hour had elapsed since appellant's arrest.

Appellant entered a plea of not guilty and requested a hearing suppressing any and all evidence on the grounds that the evidence was seized in violation of his constitutional and statutory right to counsel. The trial court denied his motion and held that appellant was not entitled to a second phone call to an attorney when the implied consent advisory was partially reread. Appellant waived his right to a jury trial and requested a trial based on the stipulated

facts. The trial court convicted appellant and this appeal followed.

## ISSUE

Was the police officer required to reread the entire implied consent advisory where a malfunction in the Intoxilyzer necessitated securing an alternate sample from appellant?

## ANALYSIS

■ Initially we note that respondent contends appellant failed to properly preserve the issue for appeal. This court's scope of review is limited to issues that were presented to and considered by the trial court. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). The issue before the trial court was whether appellant was entitled to a second phone call once the implied consent advisory was partially reread. Appellant now frames the issue as whether a police officer is required to reread the entire implied consent advisory when the Intoxilyzer malfunctions. We conclude that because this is essentially the same issue the trial court decided, it is properly before us.

■ The facts in this case are undisputed. Therefore, the standard of review is whether the trial court has erred in applying the law to the facts of the case. *Kuhn v. Commissioner of Pub. Safety,* 488 N.W.2d 838 (Minn.App.1992), *pet. for rev. denied* (Minn. Oct. 20, 1992).

■ The Minnesota Constitution gives a person the limited right to consult with an attorney before deciding whether or not to submit to chemical testing for blood alcohol. Minn. Const. art. I, § 6; *Friedman v. Commissioner of Pub. Safety,* 473 N.W.2d 828, 835 (Minn.1991). The person must be informed of the right to consult with an attorney and the police officers must assist in the vindication of that right. *Friedman,* 473 N.W.2d at 835 (quoting *Prideaux v. State, Dept. of Pub. Safety,* 310 Minn. 405, 421, 247 N.W.2d 385, 394 (1976)). The right to counsel will be considered vindicated if the driver is provided with a telephone prior to testing and given a reasonable time

to contact an attorney. *Id.* If the attorney cannot be contacted within a reasonable time, the driver may be required to make a decision regarding testing in the absence of counsel. *Id.* The evanescent nature of the evidence in DWI cases requires that the accused be given a limited amount of time to consult with an attorney. *Id.*

■ Appellant does not contend he was denied the right to consult with an attorney prior to submitting to the breath test nor does he dispute that he initially consented to the test. He argues that the malfunction of the Intoxilyzer triggered additional questions not present prior to his decision to provide a breath sample. Appellant further argues that once the implied consent advisory was partially reread, he had a constitutional right to attempt to consult with an attorney for a second time. We disagree.

In *Hansen v. Commissioner of Pub. Safety,* 393 N.W.2d 702, 705 (Minn.App. 1986), this court held that a police officer is not required to reread the implied consent advisory when an alternative test is necessary due to the driver's physical inabilities. Here, as in *Hansen,* we conclude that a police officer is not required to reread the entire implied consent advisory when an alternative test is necessary due to the malfunction of the Intoxilyzer. It is undisputed that the police are required to give the information mandated by the implied consent statute. *State v. Gross,* 335 N.W.2d 509, 510 (Minn.1983). However, neither the statute nor relevant case law requires a rereading of the entire implied consent advisory before an alternative sample is requested.

■ Appellant was properly advised of his right to counsel. After attempting, albeit unsuccessfully, to exercise that right he consented to testing. Under these facts we conclude appellant's constitutional right to counsel was not violated when he was denied a second opportunity to attempt to contact an attorney.

## DECISION

Appellant was not entitled to a rereading of the entire implied consent advisory

602

where an Intoxilyzer malfunction necessitated obtaining an alternate sample. Appellant's constitutional right to counsel was not violated when his second request to contact an attorney was denied.

Affirmed.